IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARION INSINGA,

                Plaintiff,

                                    Civ. Action No.
                                    3:06-CV-1305 (DEP)

    vs.

DAIMLERCHRYSLER CORPORATION,

                Defendant.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

COUGHLIN, GERHART LAW FIRM    PETER H. BOUMAN, ESQ.
20 Hawley Street                RACHEL A. ABBOTT, ESQ.
P.O. Box 2039
Binghamton, NY 13902-2039

FOR DEFENDANT:

WEBSTER, SZANYI LAW FIRM      JEREMY A. COLBY, ESQ.
1400 Liberty Building          THOMAS S. LANE, ESQ.
Buffalo, NY 14202
Thomas S. Lane, Esq.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

      Currently pending before the court in connection with this action is a

motion by defendant DaimlerChrysler Corporation ("DaimlerChrysler") for

an order compelling compliance with a subpoena issued to GEICO

Insurance ("GEICO"), a non-party, seeking the production of certain

specified documents.  Dkt. No. 21.  Plaintiff takes no position regarding

the motion, and GEICO, which according to defendant's moving papers

was served with the motion, has submitted no opposition.[1]  Because I find

that on their face, defendant's moving papers fail to establish its

entitlement to the relief sought, I am denying its motion, without prejudice.

I.    BACKGROUND

Plaintiff Marion Insinga commenced this action on October 26, 2006,

asserting diversity of citizenship as a basis for the court's subject matter

jurisdiction, pursuant to 28 U.S.C. § 1332.  Dkt. No. 1.  Plaintiff's claims

stem from an accident occurring in June of 2006 and involving a 1999

Jeep Grand Cherokee allegedly manufactured by DaimlerChrysler.  *Id.*

Plaintiff's complaint asserts state law claims sounding in strict liability and

negligence, alleging that the accident was the result of an inherently

---

[1]       While the failure to oppose a motion is ordinarily considered as consent by the non-moving party to the granting of the relief sought, the court's local rules nonetheless require that before the requested relief is awarded, the court review the motion for facial sufficiency.  *See* N.D.N.Y.L.R. 7.1(b)(3); *see also McCall v. Pataki,* 232 F.3d 321, 322-23 (2d Cir. 2000); *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 231-32 (N.D.N.Y. 2000) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542, 545-46 (N.D.N.Y. 2000) (Kahn, J.).

defective condition and that the defendant failed to use reasonable care in the design, manufacture and marketing of the subject vehicle. *Id.*

On July 2, 2007, defendant's counsel issued a subpoena from the Northern District of New York to GEICO requiring the production of various documents related to an insurance claim filed by Marion and/or James Insinga concerning the accident at issue in this case. *See* Colby Decl. (Dkt. No. 21) Exh. A. Under the terms of that subpoena, production of the documents sought was to occur in Buffalo, New York, at the offices of defendant's counsel. *See id.* According to an affidavit of service accompanying defendant's motion, the subpoena was served upon a person identified as a managing agent of a GEICO office located in Woodbury, Nassau County, New York on July 10, 2007. *Id.*

In response to the subpoena GEICO produced certain documents, consisting principally of medical documentation, but failed to include among the materials produced a no-fault insurance file alleged by the defendant to exist within GEICO's possession, custody or control. Colby Decl. (Dkt. No. 21) ¶ 4. Defendant's counsel therefore followed the document production with a series of letters, dated September 11, 2007, October 25, 2007 and December 3, 2007, to GEICO pointing out this

3

deficiency in production and specifically requesting the production of

additional documents allegedly maintained by GEICO concerning the

matter.  Colby Decl. (Dkt. No. 21) ¶ 4 and Exh. B.  According to

defendant's counsel, GEICO has neither produced the requested

documents, nor has it responded to those letters.[2]

II.    DISCUSSION

_____Rule 45 of the Federal Rules of Civil Procedure authorizes the

issuance of a subpoena commanding a party or non-party, *inter alia*, to

produce documents.[3]  Fed. R. Civ. P. 45(a); *see Murphy v. Bd. of Educ. of*

*Rochester City Sch. Dist.*, 196 F.R.D. 220, 22-23 (W.D.N.Y. 2000).  That

rule requires that the subpoena be issued out of the court where

production is to occur.  Fed. R. Civ. P. 45(a)(2)(C); *see McNerney v.*

*Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995).  Since

---

[2]        There is no indication in counsel's letter as to whether any efforts were made to contact GEICO personnel by telephone for the purpose of discussing the matter and ascertaining the basis for any objection to producing the requested, additional file materials, if indeed they exist.  Such efforts could arguably have been required pursuant to the letter, if not the spirit, of Rule 37 of the Federal Rules of Civil Procedure and this court's local rules.  *See* N.D.N.Y.L.R. 7.1(d).

[3]        Rule 45 was amended, effective on December 1, 2007 – after the issuance of the subject subpoena but before the filing of defendant's motion seeking its enforcement.  The recent amendments, however, are primarily stylistic and do not materially affect the analysis to be applied in connection with defendant's motion.  *See* Fed. R. Civ. P. 45, Advisory Committee Notes (2007).  In my decision, I have cited to the material provisions of Rule 45 as it existed at the time of issuance of the subpoena in issue.

the required production in this instance was designated to occur in Buffalo, the subpoena should have been issued out of the Western District of New York , rather than this court, thus providing at least a technical basis for denying defendant's motion.[4]

In addition to this relatively modest procedural defect, there is yet another, more compelling reason for denying defendant's motion in this instance.  Rule 45(c)(3)(A)(ii) provides that a court may quash or modify a subpoena which "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . ."  *See Romano v. Banc of America Ins. Servs.*, __ F. Supp. 2d __, 2007 WL 4443845, at *5 (E.D.N.Y. Dec. 17, 2007).  Rule 45(e), which authorizes a court to exercise contempt power in the case of an unexcused failure to comply with a lawfully issued subpoena, provides that "adequate cause for failure to obey [a Rule 45 subpoena] exists when a subpoena purports to require a non-party to attend or produce at a place

---

[4]     Service of the disputed subpoena in Woodbury, New York, whether issued out of this court or the Western District, would be proper in light of New York's statutory authorization of statewide service.  Fed. R. Civ. P. 45(b)(2); *see* N.Y. Civil Practice Law and Rules § 2303; *see also Glass v. Coughlin*, No. 91 Civ. 0193, 1991 WL 102619, at *3 (S.D.N.Y. May 29, 1991).

not within the limits provided by clause (ii) of subparagraph (c)(3)(A)."

Fed. R. Civ. P. 45(e); *see S.E.C. v. Kimmes*, No. M18-304, 1996 WL

734892, at *8 (S.D.N.Y. Dec. 24, 1996).

When evaluated under this framework, the subpoena issued by the

defendant in this case is plainly unenforceable, since it purports to require

GEICO, the subpoenaed non-party, to produce the requested documents

in Buffalo, New York – a location which is more than one hundred miles

from the office at which it was served.  And, since in its motion the

defendant has failed to offer proof that GEICO regularly transacts

business in person at a closer location which would fall within the one

hundred mile radius prescribed under Rule 45, it has therefore failed to

establish entitlement to an order enforcing the subpoena.

III.   <u>SUMMARY AND ORDER</u>

For various reasons which are procedural only, and do not bear

upon the merits of the document production request contained within it, I

am denying defendant's motion to compel non-party GEICO's compliance

with the Rule 45 subpoena issued in this case by DaimlerChrysler.  That

denial, however, is without prejudice.  In making this ruling the court does

not by any means suggest that unilateral noncompliance with a Rule 45

subpoena, particularly without explanation, is to be condoned.  The court also notes that once a proper subpoena is reissued – and permission is hereby granted for defendant's issuance of such a subpoena, notwithstanding the expiration of the fact discovery deadline in this case – any refusal by GEICO to comply with the mandates of that subpoena by producing available, non-privileged documents relevant to the claims and defenses in this case existing within its possession, custody or control without justification, and without following the procedures outlined in Rule 45 of the Federal Rules of Civil Procedure for registering objections, will undoubtedly be dealt with by this or any other court of competent jurisdiction harshly, and could subject GEICO, as well as any attorney counseling noncompliance for improper reasons, to potentially severe sanctions.[5]

Based upon the foregoing, it is hereby

ORDERED, that defendant's motion to compel compliance by non-party GEICO Insurance (Dkt. No. 21) with a subpoena issued in July of

---

[5]      The governing provisions of the rule require that a party served with a proper Rule 45 subpoena requesting the production of documents, and who objects to the required production, must interpose written objections detailing the grounds for resisting the subpoena.  Fed. R. Civ. P. 45(c)(2)(B).  The rule goes on to prescribe the mechanism for having the objections interposed by the subpoenaed party aired and decided by a court of competent jurisdiction.  Fed. R. Civ. P. 45(c)(2)(B)(i).

7

2007 be and hereby is DENIED, without prejudice; and it is further

      ORDERED, that the clerk of the court is instructed to forward copies

of this decision and order to counsel for the parties to this action,

electronically, and additionally to GEICO Insurance, addressed to the

attention of Kathy Cross at 750 Woodbury Road, Woodbury, New York,

11797, by regular mail.


Dated:     January 23, 2008
           Syracuse, NY




David E. Peebles
U.S. Magistrate Judge


8